UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO.  3:03CR 261 (AHN) |
| | : | |
| v. | : | |
| | : | |
| MARVIN SMITH, a/k/a "Leo the Lion" | : | NOVEMBER 5, 2004 |

SECOND OFFENDER INFORMATION PURSUANT TO
TITLE 21, UNITED STATES CODE, SECTION 851

The United States of America, by and through its undersigned Assistant United States

Attorney, hereby files with the Court this Second Offender Information pursuant to Title 21,

United States Code, Section 851, and states as follows:

1. Defendant Marvin Smith, a/k/a "Leo the Lion" is charged in Count One of the

Indictment with possession with the intent to distribute and the distribution of a quantity of a

substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1)

and 841(b)(1)(C) .

2. The penalty provisions applicable to Count One, upon conviction and upon a finding

that the defendant is responsible for any quantity of cocaine base, provide for a sentence to a

"term of imprisonment of not more than 20 years" and a fine not to exceed $1,000,000.  See 21

U.S.C. § 841(b)(1)(C).   However, upon conviction for an offense under this subsection,

> [i]f any person commits such a violation after a prior conviction for a felony
> drug offense has become final, such person shall be sentenced to a term of
> imprisonment of not more than 30 years  . . . [and] a fine not to exceed . . .
> $2,000,000 . . . .

See 21 U.S.C. § 841(b)(1)(C).  Additionally,

> [n]ot withstanding section 3583 of Title 18, any sentence under this subparagraph shall, . . . if there was such a prior conviction, impose a term of supervised release of at least 6 years in addition to such term of imprisonment.

See 21 U.S.C. § 841(b)(1)(C).

3.  On or about July 17, 1987, a date preceding the commission of the offense charged in Count One in this case, the defendant was convicted in docket no. CR6-267009 JD of a felony drug offense.  More specifically, the defendant was convicted of possession of narcotics, in violation of Connecticut General Statutes § 21a-279(a), a felony, in the Connecticut Superior Court.  On said date, the defendant was sentenced to a term of imprisonment of 15 years in jail.

4.  On July 17, 1987, the defendant was convicted of another felony drug offense, docket no. CR6-267025 JD, that is, possession of narcotics in violation of Connecticut General Statutes § 21a-279(a).  Defendant Marvin Smith was sentenced to a term of imprisonment of 15 years to run concurrent with CR6-267009 and with another sentence he was then presently serving.

5.  On September 11, 1987, in docket no. CR4-138447, defendant Marvin Smith was convicted of a felony drug offense, possession of narcotics in violation of Connecticut General Statutes § 21a-279(a).  He was sentenced on that date to a 5 year term of imprisonment "concurrent with Waterbury conviction; concurrent with New Haven case (15 years)."

6. As the defendant was convicted of three felony drug offenses prior to the commission of the offense charged in Count One, the United States submits that, should the defendant be convicted in this case, the maximum sentence under Count One of the Indictment shall be

2

governed by the enhanced provisions of 21 U.S.C. § 841(b)(1)(C), as set forth in paragraph two

above.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

MICHAEL E. RUNOWICZ
ASSISTANT UNITED STATES ATTORNEY
157 CHURCH STREET
P.O. BOX 1824
NEW HAVEN, CT  06508
(203) 821-3700
FEDERAL BAR # ct08084

3

## CERTIFICATE OF SERVICE

This is to certify that a copy of the within and foregoing was hand delivered this 5th day of

November, 2004 to counsel for the defendant, Robert J. Sullivan, Jr., Esq., LAW OFFICES OF

ROBERT SULLIVAN, 190 Main Street, Westport, Connecticut, 06880.

MICHAEL E. RUNOWICZ
ASSISTANT UNITED STATES ATTORNEY