UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED
2005 APR -5  A 10: 12
U.S. DISTRICT COURT
BRIDGEPORT, CONN

| UNITED STATES OF AMERICA | : |
|---|---|
| v. | : CRIMINAL NO. 3:03CR261(AHN) |
| MARVIN SMITH<br>a/k/a/ "Leo the Lion" | :<br>: APRIL 4, 2005 |

### GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States of America hereby files this Memorandum in Aid of Sentencing in response to issues raised by the defendant in his Memorandum in Aid of Sentencing filed on April 4, 2005.

I.  **The PSR Properly Determined That The Defendant Is A Career Offender.**

In paragraph 32 of the PSR, the Probation Office has concluded that the defendant is a career offender based upon three qualifying narcotics-related felony convictions. The defendant has asserted that because two of those convictions which were imposed ten days apart resulted from arrests occurring on the same date (11/29/86)[1] he should not be considered a career offender. The Government believes that the P.S.R. has correctly determined the defendant's status as a career offender.

Section 4B1.1 of the United States Sentencing Guidelines ("U.S.S.G.") provides:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant

---

[1]  See P.S.R. §§ 48,49.

>has at least two prior felony convictions of either a crime of violence or a
>controlled substance offense.

U.S.S.G § 4B1.1(a).

With respect to the first elements of § 4B1.1, the defendant was at least 18 when he committed the instance offense.[2] With respect to the second element, the offense of conviction, i.e., possession of cocaine case with intent to distribute and distribution of cocaine base, is a felony and a controlled substance offense.

With respect to the third element, the defendant has at least two prior felony drug convictions.[3] As indicated in P.S.R. paragraph 48 the defendant had a fifteen year sentence for Violation of the State Narcotics and Distribution Act imposed on July 27, 1987. This sentence was to be served concurrent with a fifteen year sentence that had been imposed ten days earlier, July 17, 1987.[4] Because he appeared to have been arrested on the same date (11/29/86), the defendant would have this Court consider these as related cases. These are not related cases.

>Prior sentences are not considered related if they were for offenses that were
>separated by an intervening arrest (i.e., the defendant is arrested for the first
>offense prior to committing the second offense). Otherwise prior sentences are
>considered related if they resulted from offenses that (A) occurred on the same
>occasion, (B) were part of a single common scheme or plan, or (C) were
>consolidated for trial or sentencing.

U.S.S.G. § 4A1.2 App. Note 3.

---

[2] At the time of the two sales which form this case, the defendant was 51 years of age.

[3] The defendant actually has at least seven prior felony drug convictions. However, most are not counted as the sentences were imposed more than 10 years in the past (see U.S.S.G. § 4A1.2(e)).

[4] See P.S.R § 49.

2

The two arrests are for separate cases. On November 29, 1986, the defendant was arrested for a drug offense committed on that date.[5] While the defendant was being processed on this arrest, a prior warrant issued by the Superior Court was discovered and he was arrested a second time on that warrant.[6] Thus it is clear that although they occurred on the same date, the arrests were for separate offenses. These offenses did not occur on the same occasion, were not part of a single common scheme or plan, and obviously, as sentences were imposed on separate dates, they had not been consolidated for sentence. As these two convictions are not related, the PSR properly counted the convictions separately and the defendant has therefore the requisite two convictions for career offender treatment.

II. **The Amount Of Cocaine Base Involved In This Case Was Properly Determined In The P.S.R.**

The presentence report correctly calculates the amount of cocaine base involved in the two sales charged in this case as 56.9 grams (see P.S.R. ¶ 15). It is well-established in this Circuit (and every other Circuit) that "in a drug distribution case, quantities and types of drugs not specified in the count of conviction are to be included in determining the base offense level if they were part of a common scheme or plan as the count of conviction." United States Sentencing Guidelines § 1B1.3; United States v. Negron, 967 F. 2d 68 (2d Cir. 1992); United States v. Beaulieau, 959 F. 2d 375, 378-379 (2d Cir. 1992); United States v. Moon, 926 F. 2d 204, 209 (2d Cir. 1991); United States v. Joyner, 924 F. 2d 454, 458-459 (2d Cir. 1991); United States v. Vazzano, 906 F. 2d 879 (2d Cir. 1990); United States v. Santiago, 906 F. 2d 867, 872-

---

[5] See New Haven Police Department Arrest Reports attached as Exhibit 1.

[6] See Exhibit 2 attached.

873 (2d Cir. 1990); United States v. Colon, 905 F. 2d 580, 587 ( 2d. Cir. 1990); United States v. Copeland, 902 F. 2d 1046, 1048 (2d Cir. 1990); United States v. Bedoya, 878 F. 2d 73, 75 (2d Cir. 1989); United States v. Fernandez, 877 F. 2d 1138, 1141-42 (2d Cir. 1989); United States v. Guerrero, 863 F. 2d 245, 249 (2d Cir. 1988).

Consonant with this rule, the Second Circuit has held that the failure to include drug quantities which constitute relevant conduct in calculating the base offense level is error. United States v. Schaper, 903 F. 2d 891, 897-99 (2d Cir. 1990). See also United States v. Telesco, 962 F. 2d 165 (2d Cir. 1992).

Moreover, Application Note 6 of the Commentary to U.S.S.G. § 2D1.1, provides "[w]here there are multiple transactions ... the quantities of drugs are to be added." This is consistent with U.S.S.G. § 1B1.3(a) which provides that where a guideline (such as U.S.S.G. § 2D1.1) specifies more than one level and specific offense characteristics, that base offense level "shall be determined" by "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant, ..." U.S.S.G. § 1B1.3(a)(1)(A). This calculation can include even acquitted conduct. United States v. Shonubi, 103 F. 3d 1085, 1089 n.2 (2d Cir. 1997)("The relevant conduct regime, as constructed by the Sentencing Commission and applied by this Circuit, even permits punishment of the defendant for the entire quantity of drugs... if he was convicted of distributing only the 50 grams and acquitted of distributing the additional 550 grams."); United States v. Concepcion, 983 F. 2d 369, 388 (2d Cir. 1992).

In the present case, on January 14, 2003, the defendant personally sold 3.5 grams of cocaine base to a cooperating witness acting under the supervision of Federal Bureau of

Investigation ("FBI") agents.[7] Two days later, on January 16, 2003, the same cooperating witness, while again under FBI supervision, met with the defendant and purchased 53.4 grams of cocaine base from him.[8] These two offenses, both involving the sale of the same type of controlled substances, to the same individual, within two days of each other, are clearly part of a common plan or scheme as the count of conviction, i.e., possession with the intent to distribute and distribution of cocaine base. Therefore, the probation officer has properly included both amounts which arise from transactions in which the defendant directly participated, into the calculation of the offense level under U.S.S.G. § 2D1.1.

III. **Defendant's Criminal History Category In Absence of Career Offender Treatment Is Level IV Not III**.

The presentence report determined that the defendant has six criminal history points establishing a criminal history category of III, prior to the application of the Career Offender rules contained in U.S.S.G. § 4B1.1(e).[9] The Probation Office apparently reached this conclusion by totaling the criminal history points ascribed to the convictions noted in paragraphs 48 and 49 of the report. However, the report, while noting an additional conviction for Possession of Narcotics imposed on 3/13/87,[10] did not impute any criminal history points presumably by believing the five year imprisonment sentence had been suspended and therefore was outside the applicable time frame provided under U.S.S.G. § 4A1.2(e). The Government

---

[7] See P.S.R. §§ 6-11.

[8] See P.S.R. §§ 12-14.

[9] See P.S.R. § 51.

[10] See P.S.R. § 50.

believes that this determination is in error.

Attached to this memorandum as exhibit 3 is a copy of the State of Connecticut Superior Court Docket Sheet for the case cited in P.S.R. paragraph 50. The Government believes that the sentence imposed on that conviction was a five year sentence of imprisonment to be served concurrently with the fifteen year sentence imposed on the defendant's New Haven case that he was then serving. It does not appear that the sentence was suspended.

Therefore, if the sentence was five years, it should be assessed three criminal history points as provided in U.S.S.G. § 4A1.1(a) as it is a "prior sentence of imprisonment exceeding one year and one month." Moreover, as the defendant was incarcerated during this time, the sentence should be counted as it falls within the applicable time period. As provided in U.S.S.G. § 4A1.2(e),

> Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted. **Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen year period.**

U.S.S.G. § 4A1.2(e)(1)(emphasis added).

The term "commencement of the instant offense" includes any relevant conduct. U.S.S.G. § 4A1.2, App. Note 8. With respect to this case, using the date of the first sale, January 14, 2003, as the determinant of the commencement of the instant offense, the fifteen year period for consideration of sentences exceeding one year and one month would begin on or about January 14, 1988. The serving of five year sentence of imprisonment imposed on September 11, 1987 would have resulted in the incarceration of the defendant during a part of the fifteen year period. Therefore, the conviction reported in paragraph 50 is countable and should be assessed

three criminal history points. A total of 9 criminal history points results in a Criminal History Category IV.

IV.  **Guideline Calculation**

As the defendant is a career offender, and the defendant has been convicted of an offense punishable by a maximum sentence of thirty years his offense level is 34.[11] In the plea agreement the Government did commit itself to recommend acceptance of responsibility in as much as the defendant agreed to enter a plea of guilty without the Government disclosing the identity of the individual who had cooperated in obtaining the evidence which led to the revocation of defendant's Smith's bond. Based on defendant's own statements that he had talked to a number of individuals about possibly having the initial cooperating witness in his underlying drug case dealt with, the Government felt that non-disclosure or non-confirmation of the identity of the second cooperating witness would help to maintain the anonymity and safety of the second cooperator, as well as, allow continued use of that cooperator by federal law enforcement officials in other on-going investigations in which that person was then and still is participating. Those concerns overrode the considerations of whether or not to support or oppose guideline reductions for acceptance of responsibility. To the extent that the defendant does not force disclosure in the pending sentencing hearing, the United States is constrained to adhere to the plea agreement and recommend the three level reduction.

Accordingly, the United States believes that with a three level reduction from the level 34 career offender level, coupled with a Criminal History Category VI, the defendant's guideline

---

[11]  P.S.R. § 32.

7

range should be 188-235 and that a reasonable sentence would be one within that range.

                Respectfully submitted,

                KEVIN J. O'CONNOR
                UNITED STATES ATTORNEY

BY:   ALINA P. REYNOLDS
       ASSISTANT UNITED STATES ATTORNEY

FOR:  MICHAEL E. RUNOWICZ
        ASSISTANT UNITED STATES ATTORNEY
        Federal Bar No. CT08084
        157 Church Street
        New Haven, Connecticut 06510
        (203) 821-3700

## CERTIFICATE OF SERVICE

This is to certify that the foregoing was mailed, postage prepaid on April 4, 2005, to the following:

Robert J. Sullivan, Esq.
Law Offices of Robert Sullivan
190 Main Street
Westport, CT 06880

Carla Jo Wagenstein-Vega
United States Probation Officer
United States Probation Office
915 Lafayette Bulevard
Bridgeport, CT 06604

/s/ Michael Runowicz
MICHAEL E. RUNOWICZ
ASSISTANT UNITED STATES ATTORNEY