DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA :
:
v. : CRIMINAL NO. 3:03CR261(JCH)
:
MARVIN SMITH : June 3, 2008

## GOVERNMENT'S RESPONSE TO ORDER TO SHOW CAUSE

On April 5, 2005, defendant Marvin Smith was sentenced principally to incarceration for 120 months. On May 15, 2008, this Court issued an order to the United States to show cause why defendant Smith's sentence should not be reduced due to the retroactive application of an amendment to the United States Sentencing Guidelines for cocaine base offenses. In response to this Order, the United States would assert that the defendant does appear to qualify for a reduction.

## I. BACKGROUND

On September 24, 2003, defendant Marvin Smith was arrested pursuant to a warrant issued upon the filing of an indictment by a federal grand jury in New Haven, Connecticut. The charges in the two count indictment were based on two controlled purchases of cocaine base from defendant Smith made by a cooperating individual under the direction of agents of the Federal Bureau of Investigation. In Count One of the indictment, the defendant was charged with possessing with the intent to distribute and distribution of cocaine base in violation of Title 21, United States Code, Section 841(a)(1). This charge resulted from a sale by Smith of a net weight of 3.5 grams of cocaine base. Count Two of the indictment charged defendant Smith with possessing with the intent to distribute and distribution of 50 grams or more of cocaine base, again in violation of Title 21, United States Code, section 841(a)(1). This offense was the result of a second sale by defendant Smith of

a net weight of 53.4 grams of cocaine base.

On November 5, 2004, pursuant to a written plea agreement, the defendant pleaded guilty to Count One of the Indictment. The charge to which he pleaded guilty was punishable by a maximum possible sentence of thirty years imprisonment as prior to the entry of the plea, the Government had filed a second offender information as permitted under 21 U.S.C. § 851 because defendant Smith had previously been convicted of at least three felony drug offenses in Connecticut state court. After the defendant entered his plea of guilty, this Court ordered that a pre-sentence report ("PSR") be prepared.

The Pre-Sentence Report ("PSR") concluded that the defendant's base offense level was 32 by virtue of its finding that the offense of conviction and relevant conduct involved the sale of a total of 56.9 grams of cocaine base. See PSR ¶ 26. The PSR increased this offense level by two levels for obstruction of justice asserting that the defendant had intended to tamper with a prosecution witness. See PSR ¶ 30. This adjustment increased the offense level to 34, the same level that would also have been applicable to the defendant who was deemed by the probation officer to be a career offender. See PSR ¶¶ 31-32. The PSR then subtracted three levels for acceptance of responsibility, PSR ¶ 33, which resulted in a total offense level of 31. The PSR also reported that although the defendant had numerous convictions, many of which were not counted due to their age, he had accumulated a total of only six criminal history points which generally would have placed him in criminal history category III. See PSR ¶ 51. However, the PSR concluded that because defendant Smith was a career offender, his criminal history category would be VI. Id. As a result, the PSR determined that based on a total adjusted offense level of 31, defendant Smith's guideline incarceration range was 188 to 235 months. See PSR ¶ 87.

On November 21, 2005, at sentencing, this Court determined that the defendant's base offense level determined by the quantity of drugs involved in the offense was 32. However, this Court did not apply the two level increase for obstruction of justice as suggested by the PSR. See Tr. 30-31.[1] With a three level reduction for acceptance of responsibility, the Court determined defendant's total offense level to be 29. Id. This Court also found that two of defendant Smith's prior convictions were to be considered related cases, and therefore, concluded defendant Smith was not a career offender. See Tr. 15. The Court then determined that defendant Smith had a total of six criminal history points which placed him in Criminal History Category III. See Tr. 16. After finding that defendant's guideline range was 108 to 135 months, see Tr. 31, this Court imposed a sentence of 120 months to be followed by a six year term of supervised release. This Court, when imposing this sentence, stated

> the Court believes that the sentence of 120 months would have been imposed regardless of the applicability of the guidelines. In other words, the Court would impose this as a guideline sentence, and were there to be no guidelines, the Court *would still impose the same sentence.*

Tr. 39. (emphasis added). This sentence of 120 months was essentially in the middle of the applicable guideline range.

## II. DEFENDANT SMITH APPEARS TO BE ELIGIBLE UNDER THE GUIDELINES AMENDMENT FOR A REDUCTION

On November 1, 2007, the Sentencing Commission amended the cocaine base guidelines provided under U.S.S.G. § 2D1.1(c). Amendment 706, effective November 1, 2007, generally

[1] Attached to this response is a transcript of the sentencing hearing. Citations are to the transcript pages and will be denoted "Tr._."

reduced the base offense level for most crack cocaine offenses by two levels.[2] The Commission reasoned that, putting aside its stated criticism of the 100:1 ratio applied by Congress to powder cocaine and crack cocaine offenses in setting statutory mandatory minimum penalties, the Commission could respect those mandatory penalties while still reducing the offense levels for crack offenses. See U.S.S.G., Supplement to App. C, Amend. 706. Previously, the Commission had set the crack offense levels in Section 2D1.1 above the range which included the mandatory minimum sentence. Under the amendment, the Commission has set the offense levels so that the resulting guideline range includes the mandatory minimum penalty triggered by that amount, and then set corresponding offense levels for quantities which fall below, between, or above quantities which trigger statutory mandatory minimum penalties. For example, a trafficking offense involving five grams of crack cocaine requires a statutory mandatory minimum sentence of five years imprisonment. See 21 U.S.C. § 841(b)(1)(B). Therefore, the revised guideline applies an offense level of 24 to a quantity of cocaine base ("crack") of at least five grams but less than 20 grams; at criminal history category I, this level produces a range of 51-63 months (encompassing the 60-month mandatory minimum).

The final result of the amendment is generally a reduction of two levels for each of the ranges set in the guidelines for crack offenses. At the high end, the guideline previously applied offense level 38 to any quantity of crack of 1.5 kilograms or more. That offense level now applies to a quantity of 4.5 kilograms or more; a quantity of at least 1.5 kilograms but less than 4.5 kilograms falls in offense level 36. At the low end, the guideline previously assigned level 12 to a quantity of

---

[2] Amendment 706 was further amended in the technical and conforming amendments set forth in Amendment 711, also effective November 1, 2007.

less than 250 milligrams. That offense level now applies to a quantity of less than 500 milligrams.

In this case, it would appear that applying the November 1, 2007 amendment, a two-level reduction results in an adjusted offense level for defendant Smith of 27 and a guideline incarceration range of 81 to 108 months. A sentence in the middle of that range would be approximately 99 months.

On December 11, 2007, the Commission added Amendment 706 to the list of amendments stated in Section 1B1.10(c) which may be applied retroactively, effective March 3, 2008. Congress has delegated to the Sentencing Commission the sole authority to permit the retroactive application of a guideline reduction, and no court may alter an otherwise final sentence on the basis of such a retroactive guideline unless the Sentencing Commission expressly permits it. See, e.g., United States v. McHan, 386 F.3d 620, 622 (4th Cir. 2004); United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003); United States v. Perez, 129 F.3d 255, 259 (2d Cir. 1997); United States v. Wyatt, 115 F.3d 606, 608-09 (8th Cir. 1997); United States v. Drath, 89 F.3d 216, 218 (5th Cir. 1996); United States v. Thompson, 70 F.3d 279, 281 (3d Cir. 1995); United States v. Dullen, 15 F.3d 68, 70-71 (6th Cir. 1994); United States v. Cueto, 9 F.3d 1438, 1441 (9th Cir. 1993); Ebbole v. United States, 8 F.3d 530, 539 (7th Cir. 1993); United States v. Avila, 997 F.2d 767, 768 (10th Cir. 1993); see also Pierre Louis v. United States, 2008 WL 114468 at *7 (D. Me. Jan. 1, 2008) (amendment 706 becomes retroactive on March 3, 2008 "meaning, that as of that date, impacted defendants serving eligible sentences may be able to move for a sentence reduction pursuant to 18 U.S.C. § 3582(c)").

Section 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of

> Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

The Court may act on this motion without the defendant's presence. U.S.S.G. § 1B1.10(a)(3) clearly states that "proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant." In addition, Fed. R. Crim. P. 43(b)(4) explicitly provides that a defendant "need not be present" when the proceeding involves a reduction of sentence under 18 U.S.C. § 3582(c). Likewise, given the rules and considering the burdens imposed on producing prisoners incarcerated within the Bureau of Prisons, the federal courts of appeal to address this issue have uniformly held that a defendant has no constitutional or statutory right to be present in connection with a motion filed under Section 3582(c). See, e.g., Anderson v. United States, 241 Fed. Appx. 625, 629 (11th Cir. July 18, 2007) (unpublished) ("Under Federal Rule of Criminal Procedure 43(b)(4), a defendant's presence at a § 3582(c) sentence correction proceeding is not required") (emphasis in original); United States v. Legree, 205 F.3d 724, 730 (4th Cir. 2000) (same; hearing not required); United States v. Tidwell, 178 F.3d 946, 948-949 (7th Cir. 1999) (same, noting that "a proceeding under 18 U.S.C. § 3582(c) is not a do-over of an original sentencing proceeding where a defendant is cloaked in rights mandated by statutory law and the Constitution").

Although the defendant may qualify for a reduction in sentence under Section 3582(c)(2) and the applicable policy statements of the Commission, a reduction of sentence is not automatic. This Court's discretion is set forth in Section 3582(c)(2) itself, which provides: "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they

are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Thus, "[t]he grant of authority to the district court to reduce a term of imprisonment is unambiguously discretionary," even when the guideline range is actually reduced. United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998);[3] see also United States v. Colon, 961 F.2d 41, 46 (2d Cir. 1992)(stating that district court, in the first instance, had to determine to what extent, if any, it has authority to apply retroactive amendment and whether it wishes to exercise its discretion to do so).

Similarly, section 1B1.10 directs that "the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining . . . whether a reduction in the defendant's term of imprisonment is warranted." Id. app. note 1(B)(I); see also U.S.S.G. § 1B1.10 background ("The authorization of such a discretionary reduction does not otherwise affect the lawfulness of a previously imposed sentence, does not authorize a reduction in any other component of the sentence, and does not entitle a defendant to a reduced term of imprisonment as a matter of right."). All courts are in accord on this point. See United States v. Ursery, 109 F.3d 1129, 1137 (6th Cir. 1997); United States v. Whitebird, 55 F.3d 1007, 1010 (5th Cir. 1995) (district court permissibly declined to reduce sentence); United States v. Mueller, 27 F.3d 494, 497 n.5 (10th Cir. 1994); United States v. Coohey, 11 F.3d 97, 101 (8th Cir. 1993); United States v. Wales, 977 F.2d 1323, 1327-28 (9th Cir. 1992);

"Thus, reading § 3582(c)(2) and the Sentencing Guidelines together, the district court must

[3] In Vautier, the Eleventh Circuit held that the district court did not abuse its discretion in denying a Section 3582(c)(2) motion for reduction of sentence, upon considering the 3553(a) factors. The district court denied the motion, stating that "in light of this Court's expressed concern of the defendant's demonstrated violence and factoring all of the other considerations that went into the establishment of this defendant's sentence, the same sentence would have been imposed under the current amended guidelines." Vautier, 144 F.3d at 759.

make two distinct determinations before deciding whether to reduce a defendant's sentence under § 3582(c)(2)." Vautier, 144 F.3d at 760. First, Section 1B1.10(b) directs:

> In determining whether, and to what extent, a reduction in the term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced . . . .

Id. In other words, "the court must substitute the amended guideline range for the originally applied guideline range and determine what sentence it would have imposed. In undertaking this first step, only the amended guideline range is changed. All other guideline application decisions made during the original sentencing remain intact." Vautier, 144 F.3d at 760.

Then, in the second step, "in light of the conclusion reached in the first step, the court must consider the factors listed in § 3553(a) and determine whether or not to reduce the defendant's original sentence." Id.[4] Subject to the limits set forth in Section 1B1.10(b), the Court may consider all pertinent information in applying the Section 3553(a) factors and determining whether and by how much to reduce the defendant's sentence. In particular, the Court must consider public safety considerations, and may consider information regarding the post-sentencing conduct or situation of

[4] The Eighth Circuit has also endorsed and explained at length this two-step procedure. United States v. Hasan, 245 F.3d 682, 684-85 (8th Cir. 2001) (en banc), citing United States v. Wyatt, 115 F.3d 606 (8th Cir. 1997). In United States v. Legree, 205 F.3d 724, 728 (4th Cir. 2000), however, the court stated that it disagreed with the need for or utility of the two-step method. The essence of its ruling was that the district court's proper consideration of the factors relevant to a Section 3582(c)(2) reduction of sentence, including consideration of the Section 3553(a) factors, may be presumed from the record. The court did not criticize the underlying proposition that a trial court in fact should consider the guideline range as affected only by the guideline amendment, and should then apply the Section 3553(a) factors in determining whether to reduce the sentence. See id.

the defendant, whether positive or negative.[5] Revised application note 1(B)(ii) directs that "[t]he court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment." Revised application note 1(B)(iii) further directs that "[t]he court may consider post-sentencing conduct of the defendant that occurred after the imposition of the original term of imprisonment." The application note explains that these factors are relevant in determining whether and by how much to reduce a sentence, but only within the limits set forth in Section 1B1.10(b).

If this Court decides to reduce a defendant's sentence, the extent of the reduction is strictly limited. Congress delegated to the Sentencing Commission the authority to determine to what extent a sentence may be reduced. See 18 U.S.C. § 3582(c)(2); 28 U.S.C. § 994(u). The Commission, in turn, directed in Section 1B1.10(b) that, with one exception (where the defendant earlier received a below-guideline sentence), "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1)." U.S.S.G. § 1B1.10(b)(2)(A). An application note adds: "Under subsection (b)(2), the amended guideline range determined under subsection (b)(1) and the term of imprisonment already served by the defendant limit the extent to which the court may reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement. Specifically, if the original term of imprisonment imposed was within the guideline range applicable to the defendant at the time of sentencing, the court shall not reduce the defendant's term of imprisonment to a term that is less than the minimum term of imprisonment

[5] A check with the Bureau of Prisons indicates that defendant does not have any negative disciplinary data on his record.

provided by the amended guideline range determined under subsection (b)(1)." U.S.S.G. § 1B1.10 app. note 3.[6] Thus, the Court may not reduce the sentence below the range provided by the amended guideline, and "in no case . . . shall the term of imprisonment be reduced below time served." U.S.S.G. § 1B1.10 app. note 3.

## III. CONCLUSION

Given that the defendant appears to be eligible for the retroactive application of the amended sentencing guidelines, and has no negative post-sentencing activity while serving his sentence, this Court, pursuant to 18 U.S.C. § 3582(c) could exercise its discretion to lower the defendant's sentence from the previously imposed 120 months to 99 months. However, although the Government will defer to the Court's exercise of its discretion in this matter, the Government will note that when this Court imposed the 120 month sentence in this case, given the facts and circumstances surrounding

---

[6] Application note 3 provides an example of this rule:

> For example, in a case in which: (1) the guideline range applicable to the defendant at the time of sentencing was 41 to 51 months; (2) the original term of imprisonment imposed was 41 months; and (3) the amended guideline range determined under subsection (b)(1) is 30 to 37 months, the court shall not reduce the defendant's term of imprisonment to a term less than 30 months.

the offense, this Court announced that the sentence of 120 months was the most appropriate sentence regardless of the applicability of the guidelines.

Respectfully submitted,

NORA R. DANNEHY
ACTING UNITED STATES ATTORNEY

MICHAEL E. RUNOWICZ
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. Ct08084
157 Church Street
New Haven, Connecticut 06510

**CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of June, 2008, I caused a copy of the foregoing Notice to be sent by first-class mail, postage prepaid, to the following:

Sarah Merriam
Assistant Federal Public Defender
265 Orange Street, Suite 702
New Haven, CT 06510

Deputy Chief U.S.P.O. Warren Maxwell
United States Probation Office
157 Church Street, 22nd Floor
New Haven, CT 06510

Marvin Smith
Reg. No. 15299-014
FMC Butner
Federal Medical Center
P.O. Box 1600
Butner, NC 27509

____________________________________________

MICHAEL E. RUNOWICZ
ASSISTANT UNITED STATES ATTORNEY