UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| ------------------------------------------------- | : | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | No. 3:03CR261(AHN) |
| v. | : | |
| | : | |
| MARVIN SMITH | : | |
| | : | |
| ------------------------------------------------- | : | June 27, 2008 |

**REPLY TO GOVERNMENT'S RESPONSE
TO ORDER TO SHOW CAUSE**

    Defendant Marvin Smith has reviewed the government's response to the Order to Show Cause . He appreciates the government's acknowledgment of his eligibility for the reduction and its deferring to the court for a determination of whether to reduce the sentence

    Defendant Smith respectfully requests that in exercising its discretion, the court consider the factors set forth herein.

    1.    Mr. Smith, who is now 56 years old, was, at the time of sentencing, 53. He was not a career criminal, and this court so found[1]. He had suffered addiction in his life, which he appeared to have conquered. Suddenly, one evening, his life was shattered when his beloved 21-year-old daughter was shot dead by stray cross-fire, as she walked down the block for ice cream. The pain of that experience led him back to the life of substance abuse which he believed he had escaped.

---

[1] He initially appeared to qualify for career criminal status due to what appeared to be - but this court found were not - separate criminal incidents.

2.     This court did not enhance Mr. Smith for obstruction of justice. The government points out in its response that the PSR had noted the presence of information which may have suggested an interest on the part of Mr. Smith to see harm done to a witness. Mr. Smith vigorously denied that and was prepared to take that charge to trial. The government was hesitant to publicly identify the witness or produce his/her statement. The government agreed, therefore, not to press for an enhancement for obstruction of justice, in exchange for Mr. Smith's agreement to plead guilty to the drug charges (thereby saving the government the need to disclose the witness). Nevertheless, the information on this issue was picked up in the PSR, prompting the court to inquire at sentencing into whether such an enhancement should be considered. This court, upon learning that the government was not pressing for the enhancement, ruled that it would not impose one.

3.     As the government brief points out, Mr. Smith has been conflict-free in prison. Mr. Smith submits that his conduct since his sentencing has been exemplary. Indeed, shortly before Mr. Smith's sentencing, his mother passed away. With the government's consent, this court entered an order authorizing Mr. Smith's one-day release to the community to attend her funeral. The terms and conditions of the release were met, in full, with Mr. Smith returning to custody as scheduled.

4.     Three months after his sentencing, Mr. Smith learned that he suffers from Chronic Lymphocytic Leukemia. This cancer originates in the lymphocytes of the bone marrow. It then invades the blood. Over time it can invade other parts of the body, including the lymph nodes, liver and spleen. Because of the cancer he is not permitted to work, which means he is dependant upon family and friends for support.

5.      Nevertheless, Mr. Smith has lost over 100 pounds.  He is advised by his physicians that his steady workout regimen is helping to keep the cancer from taking a more serious toll on him.  Additionally, enclosed as group Exhibit A are certificates reflecting his successful completion, in prison, of the following programs:

- 40-hour Drug Education Program;
- Alcoholic and Narcotic Anonymous Group;
- Anger Management Group;
- The Voice of Addiction Group;
- The "At Risk Program";
- FMC Butner Annual Health Fair;
- 11 Certificate for The Fitness Challenge Programs;
- 4 Certificates for Recreation Therapy Programs; and
- 3 Certificates for Card Making and Calligraphy classes.

6.      Mr. Smith urges the court, therefore, to reduce his sentence as permitted by the Amendments 706 and 713 to the United States Sentencing Guidelines.

7.      In addition, Mr. Smith respectfully requests that this court further reduce his sentence as contemplated in Kimbrough v. United States, 552 U.S. ----, ----, 128 S.Ct. 558, 578, 169 L.Ed.2d 481 (2007), Gall v. United States, 552 U.S. ----, ----, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007) and United States v. Regalado, 518 F.3d 143, 146 (2d Cir.2008).

8.      In Kimbrough, the United States Supreme Court held that the crack cocaine guidelines are not mandatory; that the sentencing court may consider the 100:1 crack to powder cocaine ratio when evaluating whether to impose a non-guidelines sentence. In Gall the court held that extraordinary circumstances are not required for the court to consider a non-guidelines sentence.

LAW OFFICES OF ROBERT SULLIVAN 190 Main Street Westport, CT 06880 Tel. 203/227-1404 Juris No. 405837 Federal Bar No.CT08969

9. On March 4, 2008, the Second Circuit observed in <u>Regalado,</u> as follows:

> ... until <u>Kimbrough</u> and <u>Gall</u>, ***this Circuit tended to discourage district courts from deviating from the crack cocaine Guidelines***. Our opinion in <u>United States v. Castillo</u>, 460 F.3d 337 (2d Cir.2006), may have been over-read or misread to inhibit any deviation. ***District courts may also have been inhibited from exercising their full discretion by the fact that the Sentencing Commission borrowed the 100-to-1 Guidelines ratio from the mandatory minimums for drug offenses decreed by Congress***. Id. at 567 (explaining origin of Guidelines crack to powder ratio). Therefore, when a district court sentenced a defendant for a crack cocaine offense before <u>Kimbrough</u>, there was an ***unacceptable likelihood of error***; certainly, ***the court acted under the influence of a widespread assumption that is now known to be erroneous***. Where the defendant failed to argue for such a deviation from the Guidelines range before the sentencing court, it is impossible to know, ex post, whether the court would have exercised its discretion to mitigate the sentencing range produced by the 100-to-1 disparity.
> Id, page 2, Emphasis Added.

The <u>Regalado</u> court went on to say

> it makes little sense to allow a judgment to become final even though the district court would not have imposed it in light of its now better defined powers so that the same essential question can be presented by motion. Therefore, ***the best course is to remand to the district court***.
> Id, page 5, Emphasis Added.

10. It is respectfully submitted that this honorable court may consider all of the facts and circumstances set forth above, including the referenced disparity, and impose a lower sentence which would serve the objectives of the sentencing, recognize the manner in which Mr. Smith has refashioned his life for the positive, and provide Mr. Smith with a hope for a life following his release from prison.

11. For all of these reasons, Mr. Smith, by and through undersigned counsel, respectfully requests that this court impose a sentence which is lower than that provided for by the 2-level Guideline reduction contemplated by Amendments 706 and 713.

LAW OFFICES OF ROBERT SULLIVAN 190 Main Street Westport, CT 06880 Tel. 203/227-1404 Juris No. 405837 Federal Bar No.CT08969

        Respectfully submitted,
        DEFENDANT MARVIN SMITH


          /s/ Robert J. Sullivan, Jr.
By_____
  Robert J. Sullivan, Jr.
  LAW OFFICES OF ROBERT SULLIVAN
  190 Main Street
  Westport, Connecticut 06880
  Tel. No. 203/227-1404
  Federal Bar No. CT08969

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 27, 2008, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system, or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

      /s/ Robert J. Sullivan, Jr.
_____
Robert J. Sullivan, Jr.
LAW OFFICES OF ROBERT SULLIVAN
190 Main St.,  Westport, CT 06880
Phone:  203/227-1404
Fax: 203/226-6403
Federal Bar No. CT08969
E-mail: rjslaw@optonline.net; rjslawdl@optonline.net

-6-